UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROSSCREATIONS, INC.,

    Plaintiff,

vs.                      CASE NO.:

LAWNEWZ, INC. D/B/A LAW&CRIME and
A&E TELEVISION NETWORKS, LLC,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR**
**JURY TRIAL, INJUNCTIVE RELIEF SOUGHT**

Plaintiff, RossCreations, Inc. ("Plaintiff"), by and through its undersigned attorneys, sues Defendants, LawNewz, Inc. d/b/a Law&Crime ("Law&Crime") and A&E Television Networks, LLC ("A&E Television") (collectively the "Defendants"), and as its Complaint states as follows:

**Statement of Case**

1. Plaintiff is a social media company which owns and operates a well-known YouTube channel called "RossCreations" (the "YouTube Channel"). Plaintiff has garnered popularity for its videos posted to the YouTube Channel. Most videos posted to the YouTube Channel feature public

#30391822v3

pranks, including the work at issue in this litigation titled "RossCreations - Jumping Over a Cop Video" (the "Infringed Work"). Plaintiff is the owner of the copyright in the Infringed Work.

2. Defendant Law&Crime operates an online platform for legal and true crime content and states it is the "leading multi-platform network that covers live court video, high-profile criminal trials, crazy crime, celebrity justice, and smart legal analysis." Law&Crime produces a television program called "My Strange Arrest" that is available for viewing on basic cable packages and streaming services, including the A&E Network.

3. Defendant A&E Television operates a broadcasting network and broadcasts My Strange Arrest.

4. Upon information and belief, sometime prior to August 2023, Law&Crime downloaded the Infringed Work from Plaintiff's YouTube Channel and removed the copyright notice information from the Infringed Work. Law&Crime proceeded to use substantially all of the Infringed Work in one of its episodes of My Strange Arrest, which A&E Television broadcasted in August 2023. The Infringed Work was broadcasted nationally, including in the State of Florida and this District.

5. Law&Crime violated the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201–1205 when it intentionally removed the copyright management information on the Infringed Work without Plaintiff's consent.

6. Defendants Law&Crime and A&E Television's actions further constitute willful copyright infringement as they are blatantly reproducing, using, displaying, and/or distributing a copyrighted video without license or permission from Plaintiff, in violation of the United States Copyright Act, 17 U.S.C. § 101 et seq.

**Parties**

7. Plaintiff is a corporation duly organized and validly existing under the laws of the State of Florida, with its principal place of business in Bradenton, Florida.

8. Defendant Law&Crime is a corporation duly organized and validly existing under the laws of the State of Delaware, with its principal place of business in New York, New York.

9. Defendant A&E Television is a limited liability company duly organized and validly existing under the laws of the State of Delaware, with its principal place of business in New York, New York.

10. Defendants both broadcast content into the State of Florida and otherwise do business in Florida.

11. Law&Crime has wrongfully and knowingly removed Plaintiff's copyright management information, and both Defendants have committed acts of willful copyright infringement, as described herein, in the State of Florida and/or outside the State of Florida.

12. Defendants' wrongful acts were directed to and caused injury to Plaintiff within the State of Florida, and Defendants knew such injury would be suffered by Plaintiff in the State of Florida.

13. By virtue of Defendants' broadcast of the Infringed Work in the State of Florida and commission of wrongful acts and causation of damages to Plaintiff in the State of Florida, as described herein, Defendants have subjected themselves to personal jurisdiction in the State of Florida.

**Venue**

14. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district and a substantial part of the property that is the subject of the action is situated in this judicial district.

## Subject Matter Jurisdiction

15. The claim for violation of Digital Millennium Copyright Act asserted in this Complaint arises under the provisions of 17 U.S.C. §§ 1202–1203, and the claim of copyright infringement arises under the provisions of 17 U.S.C. § 101 et seq. This Court has original jurisdiction over these claims pursuant to 28 U.S.C. §1338(a).

## Factual Allegations

16. Plaintiff is a social media company which owns and operates the YouTube Channel. Plaintiff has garnered popularity for its videos posted to its YouTube Channel. Plaintiff has amassed over 1.45 million YouTube subscribers. Most videos posted to the YouTube Channel by Plaintiff feature public pranks by American internet celebrity Charles Ross, including the Infringed Work, which was posted to the YouTube Channel on March 16, 2013. *See* <u>Exhibit A</u>. The Infringed Work has over 13 million views and over 42 thousand comments on YouTube.

17. Plaintiff has complied, in all material respects, with the laws of the United States governing copyrights, secured the exclusive rights and privileges in and to the Infringed Work, and has received from the Register of Copyrights Registration No. PA 2-432-498 for the copyright. A true and correct copy of the

Certificate of Registration for "RossCreations - Jumping Over a Cop Video" is attached hereto and incorporated herein as Exhibit B.

18.    Plaintiff is the owner of all right, title, and interest in and to the copyrights in and the registration of the copyrights in the Infringed Work.

19.    The Infringed Work prominently features a watermark reading "ROSS CREATIONS" in white and red bold font near the bottom right-hand corner (the "Copyright Notice"). Additionally, the YouTube Channel, by virtue of viewing the Infringed Work on the platform, provides copyright management information, including the title and copyright owner of the Infringed Work. *See* Exhibit A.

20.    Defendant Law&Crime operates an online platform for legal and true crime content. Law&Crime produces a television program called "My Strange Arrest" that is available for viewing on basic cable packages and various streaming services, including, but not limited to, Apple TV, YouTube TV, Peacock, Xfinity, Verizon, Samsung TV Plus. *See* Exhibit C and Exhibit D. My Strange Arrest is also available on A&E Network's cable channel and streaming platform. *See* Exhibit E.

21. Defendant A&E Television is a broadcasting network. A&E Television broadcasts My Strange Arrest on its cable channel and its streaming platform, https://www.aetv.com. *See* Exhibit E.

22. Upon information and belief, sometime prior to August 2023, Law&Crime downloaded the Infringed Work from Plaintiff's YouTube Channel using stream ripping software. Stream ripping software and tools allow one to download content from YouTube or other streaming services, usually when such service does not allow for its content to be downloaded.

23. Law&Crime removed the Copyright Notice from the Infringed Work, as well as cropping the video as to remove Plaintiff's overlaid subtitles.

24. Law&Crime proceeded to use the Infringed Work in one of its episodes of My Strange Arrest, which A&E Television broadcasted in August 2023.

25. Upon information and belief, the Infringed Work was broadcasted nationally, including in the State of Florida and this District.

26. Law&Crime provided no further copyright management information as defined in 17 U.S.C. § 1202(c) related to the Infringed Work and the broadcasted episode.

27. The broadcasted episode featuring the Infringed Work was an almost direct reproduction of the Infringed Work and contained little modification and minimal narration.

28. The episode used approximately 46 seconds of the Infringed Work. The Infringed Work in its entirety is 59 seconds (not including a tagged on advertisement for other RossCreation content), meaning Law&Crime used approximately 80% of the Infringed Work.

29. The portion of the Infringed Work that Law&Crime used was the heart of the work.

30. All conditions precedent to the institution and maintenance of this action have occurred or been performed by Plaintiff.

## COUNT I
### Digital Millennium Copyright Act Violation
### (Law&Crime)

31. Plaintiff realleges paragraphs 1 through 30 of this Complaint as if fully reinstated herein.

32. This is an action for violation of the Digital Millennium Copyright Act arising under 17 U.S.C. §§ 1202–1203.

33. Defendant Law&Crime has, by virtue of its above-described acts, intentionally removed or altered copyright information within the authority of the copyright owner or the law in violation of 17 U.S.C. § 1202.

34. Defendant Law&Crime, without the authority of Plaintiff (i) intentionally removed or altered copyright management information; (ii) distributed copyright management information knowing that the copyright management information had been removed or altered without the authority of the copyright owner; and/or (iii) distributed works, knowing that the copyright management information had been removed or altered without authority of the copyright owner or the law.

35. Plaintiff is entitled to an injunction and an award of the actual damages suffered by the party as a result of the violation, and any profits of Law&Crime that are attributable to the violation and are not taken into account in computing the actual damages, or statutory damages in the sum of not less than $2,500 or more than $25,000.

### COUNT II
### Copyright Infringement
### (Both Defendants)

36. Plaintiff realleges paragraphs 1 through 30 of this Complaint as if fully restated herein.

37. This is an action for copyright infringement arising under 17 U.S.C. § 101 et seq.

38. Defendants have, by virtue of their above-described acts, infringed upon Plaintiff's copyright in the Infringed Work in violation of 17 U.S.C. § 101 et seq.

39. Defendants' unlicensed reproduction, use, and/or distribution of the Infringed Work is a direct infringement of Plaintiff's copyright in the Infringed Work, in violation of the 17 U.S.C. § 101 et seq.

40. Defendants' unlicensed reproduction, use, and/or distribution of the Infringed Work further constitutes contributory infringement of Plaintiff's copyright in the Infringed Work, in violation of 17 U.S.C. § 101 et seq. because Defendants are contributing to each other's infringement and providing the Infringed Work to third parties for use when such third parties also do not have proper permissions to reproduce or distribute the Infringed Work.

41. Defendants' infringement of Plaintiff's copyright in the Infringed Work is causing irreparable injury to Plaintiff and, unless the injunction sought in this Complaint is granted, will continue to cause irreparable injury to Plaintiff. Plaintiff has suffered and will continue to suffer damage, the exact amount of the damage being unknown to Plaintiff at this time. The damage to

Plaintiff is, and will continue to be, irreparable because of, among other reasons, the continuing nature of the copyright infringement.

42. Defendants' above-described acts of infringement have been committed with the knowledge that they were infringing Plaintiff's copyright in the Infringed Work.

43. As a result of the above-described intentional, willful, and deliberate infringement of Plaintiff's copyright in the Infringed Work by Defendants, Plaintiff is entitled to an injunction, an award of damages suffered as a result of Defendants' infringement, an award of Defendants' profits that are attributable to Defendants' infringement and are not taken into account in computing Plaintiff's actual damages and costs, all as set forth in 17 U.S.C. §§ 502, 504, and 505, subject to the discretion of this Court.

WHEREFORE, Plaintiff demands judgment against Defendants for:

(a) an injunction permanently enjoining and restraining Defendant Law&Crime, its officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with it, from further violating 17 U.S.C. § 1202;

(b) an injunction permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and attorneys, and all

       other persons in active concert or participation with them, from infringing Plaintiff's copyright in the Infringed Work through further reproduction, use, publication, distribution, sale, and display of the Infringed Work;

(c)    an order directing Defendants to file with the Court and serve upon Plaintiff a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with each injunction entered by the Court within thirty (30) days after the entry of each injunction in compliance with 15 U.S.C. § 1116(a);

(d)    an order directing Defendants to deliver up to Plaintiff for destruction all copies of infringing materials and all copies of the Infringed Work, in any media, in Defendants' possession, custody, or control;

(e)    actual damages suffered by Plaintiff as a result of Defendants' infringement of Plaintiff's copyrights;

(f)    actual damages suffered by Plaintiff as a result of Law&Crime's removal or alteration of Plaintiff's copyright management information in the Infringed Work and Defendants' infringement of Plaintiff's copyright;

(g) an accounting of Defendants' profits derived from their infringement of Plaintiff's copyright and an order that the same be paid over to Plaintiff;

(h) statutory damages suffered by Plaintiff as a result of Law&Crime's removal or alteration of Plaintiff's copyright management information in the Infringed Work, in the sum of not less than $2,500 or more than $25,000;

(i) interest on such profits and damages at the highest rate allowed by law;

(j) attorneys' fees;

(k) costs of this action; and

(l) such other and further relief as the Court may deem just and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: February 29, 2024        Respectfully submitted,

/s/ Douglas A. Cherry
Douglas A. Cherry, Esquire
(Lead Counsel)
Florida Bar No. 0333130
dcherry@shumaker.com

13

#30391822v3

Shumaker, Loop & Kendrick, LLP
240 South Pineapple Avenue, 9th Floor
Sarasota, Florida 34236
Telephone No.: (941) 366-6660
Facsimile No.: (941) 366-3999

Mindi M. Richter, Esquire
Florida Bar No. 0044827
mrichter@shumaker.com
Shumaker, Loop & Kendrick, LLP
101 East Kennedy Boulevard, Suite 2800
Tampa, Florida 33602
Telephone No.: (813) 229-7600
Facsimile No.:  (813) 229-1660

*Attorneys for Plaintiff*

#30391822v3